# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JONES,<br><br>          Plaintiff,<br><br>    v.<br><br>D. HUCKABAY, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:08-cv-00421-AWI-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1) |

### Screening Order

Plaintiff Brian Jones is a state prisoner, proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 24, 2008.

### I.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Plaintiff's Claim**

    **A.    Summary of Complaint**

Before being transferred to Pleasant Valley State Prison ("PVSP"), Plaintiff, now a resident of the Substance Abuse Treatment Facility ("SATF"), had completed the General Educational Development diploma ("GED") and vocational training in meat cutting and graphic arts, earning certificates of completion in each. Accordingly, upon arrival at PVSP, Plaintiff requested a support services assignment in lieu of additional vocational training but was assigned to kitchen support services pending an opening in graphic arts training. Ultimately, Plaintiff was assigned to graphic arts training despite both his protests that he had previously completed the program and the instructor's repeated requests that Plaintiff be returned to a support services

1  position. Plaintiff filed a grievance but was ultimately reassigned to graphic arts training on
2  March 15, 2006. When Plaintiff protested that he had previously completed that training
3  sequence, he was placed on "C-status," which resulted in confiscation of Plaintiff's personal
4  property and suspension of various institutional privileges.

5  On March 18, 2006, Plaintiff received a newly purchased television. On March 29, 2006,
6  Defendant Diaz directed Plaintiff to sign paperwork deducting funds from Plaintiff's trust
7  account to ship the television home. Diaz denied Plaintiff's request that his television be stored
8  pending resolution of his then-pending inmate appeal and demanded that Plaintiff surrender the
9  television. Plaintiff retreated to his cell, covering the windows and refusing to come out or
10 uncover until he had an opportunity to speak to the on-duty lieutenant.

11 One hour later, Defendants Diaz, Huckabay, Soares and Dutcher appeared at Plaintiff's
12 cell and demanded Plaintiff's television. Plaintiff refused to surrender the television until he was
13 allowed to speak to a lieutenant. Defendant Huckabay advised Plaintiff that he would not be
14 permitted to speak with a lieutenant and would be beaten if he did not surrender the television
15 within thirty seconds. Huckabay ordered Defendant Hasseltine, the control booth officer, to open
16 Plaintiff's cell and ordered Plaintiff to be handcuffed. When Plaintiff again requested the
17 lieutenant, Soares sprayed Plaintiff's facer with pepper spray. Plaintiff then knelt, back to the
18 officers, to be handcuffed, but was pulled from his cell, stomped, kicked, and beaten with batons.

19 Plaintiff incurred a broken nose, chipped teeth, a broken tooth, multiple lacerations to his
20 face and head, lacerations to both elbows, bruising over the kidney area, spinal cord injury, and
21 nerve damage to both wrists. As a result, he experiences severe physical pain, requires continued
22 medical treatment, and suffers from mental health problems.

23 **B.    Eighth Amendment Claim - Excessive Force**

24 **1.    Defendants Huckabay, Soares, Diaz and Dutcher**

25 Plaintiff claims that the beating inflicted by Defendants Huckabay, Soares, Diaz and
26 Dutcher constituted excessive force that deprived him of his Eighth Amendment right to be free
27 of cruel and unusual punishment. "What is necessary to show sufficient harm for purposes of the
28 Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at

issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Ibid. *(internal quotation marks and citations omitted)*. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; *see also* Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, *supra*, 503 U.S. at 6-7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Ibid. (*internal quotation marks and citations omitted*).

After being subjected to pepper spray, Plaintiff abandoned his resistance and presented himself for restraint. Nonetheless, Defendants Huckabay, Soares, Diaz and Dutcher kicked and stomped Plaintiff and beat him with their batons, inflicting serious and lasting injuries. Plaintiff's account of the assault is sufficient to state a claim against Defendants Diaz, Huckabay, Soares and Dutcher.

**2.     Defendant Hasseltine**

As Plaintiff recounts the assault, Hasseltine did nothing more than open Plaintiff's cell door at Huckabay's request. Nothing suggests that Hasseltine's purpose in opening the door had any illegitimate purpose–for example, he would have had to open the door to enable collection of the televison, which was the purpose of the confrontation. In the absence of allegations linking Hasseltine to the subsequent beating, the complaint fails to state a cause of action against Hasseltine.

**C.     Eighth Amendment Claim – Personal Safety**

**1.     Defendants Huckabay, Soares, Diaz and Dutcher**

"Prison officials have a duty to take reasonable steps to protect inmates from physical

4

1  abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). *See also* Farmer v. Brennan, 511
2  U.S. 825, 833 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Robinson v.
3  Prunty, 249 F.3d 862, 866 (9th Cir. 2001). An inmate may establish a violation of this duty by
4  demonstrating that prison officials' deliberate indifference to serious threats to the inmate's
5  safety or health. Farmer, *supra*, 511 U.S. at 834, 837. Defendants Huckabay, Soares, Diaz and
6  Dutcher did not demonstrate deliberate indifference to threats to Plaintiff's safety, they assaulted
7  him. Accordingly, the complaint does not allege a cause of action against these four Defendants
8  for indifference to Plaintiff's safety in the face of threats.

### 2. Defendant Hasseltine

Although it is possible to imagine factual circumstances under which Defendant Hasseltine's opening the cell door constituted a violation of Plaintiff's Eighth Amendment right to safety, no such facts are alleged in the complaint. Accordingly, the complaint does not allege a cause of action against Hasseltine for an Eighth Amendment safety violation.

### III. Conclusion and Order

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Huckabay, Soares, Diaz and Dutcher for use of excessive force, but not for indifference to safety. The complaint fails to establish a cause of action against Defendant Hasseltine. This Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his excessive force claim against Huckabay, Soares, Diaz and Dutcher, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal from this action of Plaintiff's claim against Hasseltine. The Court will then forward to Plaintiff four summonses and four USM-285 forms for completion and return. Upon receipt of the completed forms, the Court will direct the United States Marshal to initiate service of process on Huckabay, Soares, Diaz and Dutcher.

1    If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997), <u>aff'd</u>, 525 U.S. 299 (1999); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, *supra*, 814 F.2d at 567; *accord* <u>Forsyth</u>, *supra*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a cause of action against Defendant Hasseltine;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Huckabay, Soares, Diaz and Dutcher on his Eighth Amendment claim of excessive force;
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

Dated:   **June 9, 2009**           /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE