1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BRIAN JONES,                          1:08-cv-00421-AWI-GSA-PC

12          Plaintiff,                    ORDER REQUIRING DEFENDANT
                                          DUTCHER TO FILE A RESPONSE
13      vs.                               TO THE MARSHAL'S REQUEST
                                          FOR REIMBURSEMENT OF COSTS
14  D. HUCKABAY, et al.,                  OF SERVICE

15          Defendants.                   TWENTY DAY DEADLINE

16  _____/

17  **I.      BACKGROUND**

18          Plaintiff, Brian Jones ("Plaintiff"), is a former state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the original

20  Complaint filed by Plaintiff on March 24, 2008, against defendants D. Huckabay, P. Soares, J. Diaz, and

21  L. Dutcher.[1][2]  (Doc. 1.)  On July 28, 2009, the Court ordered the United States Marshal ("Marshal") to

22  serve process upon the defendants in this action.  (Doc. 11.)

23          On February 22, 2010, the Marshal filed a USM-285 form indicating that on February 11, 2010,

24  personal service was executed upon defendant L. Dutcher.  (Doc. 22.)  On February 22, 2010, the

25  _____

26          [1]All other defendants were dismissed from this action by the Court on August 19, 2009.  (Doc. 13.)

27          [2]In the Answer to the Complaint, Defendant L. Dutcher indicates that his or her name is now L. Harris.  (Doc. 24.)
    The Court uses the name Dutcher to refer to this Defendant herein.

28                                          1

Marshal filed a Request for a court order for reimbursement of the costs incurred by the Marshal for personal service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.  (Doc. 23.) Defendant Dutcher has not filed an opposition.

## II.   DISCUSSION

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The Marshal requests the court to impose costs on Defendant Dutcher for failure to avoid unnecessary costs.  On February 22, 2010, the Marshal filed a USM-285 form indicating that a waiver of service form was mailed to Defendant Dutcher on March 12, 2009, and no response was received. (Doc. 22.)  Personal service was executed on Defendant Dutcher on February 11, 2010, with costs of $149.05.  Id.  Defendant Dutcher filed an Answer to the Complaint on March 4, 2010.  (Doc. 24.)

Given that the Marshal's Request was submitted in the form of a memorandum and may not have been recognized as a Request for the court to impose costs on Defendant Dutcher, Defendant Dutcher shall be granted an opportunity at this time to file a response to the Marshal's Request.

Accordingly, IT IS HEREBY ORDERED that:

1.   Within twenty days from the date of service of this order, Defendant Dutcher shall file a written response to the Marshal's Request, filed on February 22, 2010; and

2.   Defendant Dutcher's failure to comply with this order shall result in an order requiring Defendant Dutcher to reimburse the Marshal for costs of personal service.

IT IS SO ORDERED.

Dated:   __September 16, 2010__            _____ /s/ **Gary S. Austin** _____

2

UNITED STATES MAGISTRATE JUDGE