IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JONES,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. HUCKABAY, et al.,<br><br>    Defendants.<br>_____/ | 1:08-cv-00421-AWI-GSA-PC<br><br>ORDER DENYING MARSHAL'S REQUEST FOR REIMBURSEMENT OF COSTS OF SERVICE BY DEFENDANT L. DUTCHER<br>(Doc. 23.) |

**I.    BACKGROUND**

Plaintiff, Brian Jones ("Plaintiff"), is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the original Complaint filed by Plaintiff on March 24, 2008, against Defendants D. Huckabay, P. Soares, J. Diaz, and L. Dutcher.[1] (Doc. 1.) On July 28, 2009, the Court ordered the United States Marshal ("Marshal") to serve process upon the Defendants in this action. (Doc. 11.)

On February 22, 2010, the Marshal filed a USM-285 form indicating that on February 11, 2010, personal service was executed upon Defendant L. Dutcher. (Doc. 22.) On February 22, 2010, the Marshal filed a Request for a court order for reimbursement of the costs incurred by the Marshal for

---

[1] All other defendants were dismissed from this action by the Court on August 19, 2009. (Doc. 13.)

1

personal service upon Defendant Dutcher, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Doc. 23.)  On October 6, 2010, Defendant Dutcher filed a Response. (Doc. 29.)

## II. MARSHAL'S REQUEST FOR REIMBURSEMENT

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The Marshal requests the court to impose costs on Defendant Dutcher for failure to avoid unnecessary costs. On February 22, 2010, the Marshal filed a USM-285 form indicating that a Waiver of Service form was mailed to Defendant Dutcher on August 12, 2009, and no response was received. (Doc. 22.)  Personal service was executed on Defendant Dutcher on February 11, 2010, with costs of $149.05.  Id.  Defendant Dutcher filed an Answer to the Complaint on March 4, 2010. (Doc. 24.)

Defendant Dutcher argues that she should not be required to reimburse the Marshal for costs of personal service because she never received the Waiver of Service form mailed by the Marshal on August 12, 2009. Defendant declares that she was employed as a correctional officer at Pleasant Valley State Prison ("PVSP") until May 2006, when she transferred to the Valley State Prison for Women ("VSPW"). (Declaration of L. Harris, formerly L. Dutcher ("Harris Decl."), Doc. 29-2 at 1 ¶1.) She worked as a correctional officer at VSPW from May 2006 until March 2009, when she was promoted to Correctional Counselor I. Id.  Defendant's last name was Dutcher until she was married in April 2008, when she legally changed her last name to Harris. Id. ¶2.  Defendant claims she was unaware of the present lawsuit until she was served on February 11, 2010, and she never received the Waiver of Service form mailed by the Marshal. Id. at 2 ¶3.  Counsel for Defendant, Christina Carroll, declares that she attempted to locate L. Dutcher at VSPW on January 25, 2010 but was unsuccessful. (Declaration of Christina Carroll, Doc. 29-1 at 1 ¶3.) On the same date, Carroll also contacted the Central California

Women's Facility in Chowchilla to determine if L. Dutcher was employed there instead. Id. at 2 ¶4. Carroll was told by VSPW and CCWF that they had no employee by the name of L. Dutcher. Id. at 1 ¶3, 2 ¶4.

## III.   DISCUSSION

Rule 4(d)(2) imposes a duty to avoid unnecessary costs on an individual who "receives notice of an action," "unless good cause for the failure" to comply with a request for waiver of service is shown. Defendant Dutcher has presented evidence that she did not receive notice of this lawsuit until the Marshal personally served her on February 11, 2010. (Harris Decl., Doc. 29-2.) Therefore, good cause appearing for Defendant Dutcher's failure to comply with the Marshal's request for waiver of service, the Marshal's Request for reimbursement of costs of personal service by Defendant Dutcher shall be denied.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that the Marshal's Request for reimbursement, filed on February 22, 2010, is DENIED

.

   IT IS SO ORDERED.

   **Dated:   October 7, 2010**          **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

3